1  Daniel J. Palay, SBN 159348
   *djp@calemploymentcounsel.com*
2  Brian D. Hefelfinger, SBN 253054
   *bdh@calemploymentcounsel.com*
3  PALAY HEFELFINGER, APC
   1746 S. Victoria Ave., Suite 230
4  Ventura, CA 93003
   Telephone: (805) 628-8220
5  Facsimile: (805) 765-8600

6  Attorneys for Plaintiff CYNTHIA GILBERT
   and the Putative Class
7

8  Chad D. Greeson, SBN 251928
   *cgreeson@littler.com*
9  Shirley Shu, SBN 231407
   *sshu@littler.com*
10 Helen Braginsky, SBN 282359
   *hbraginsky@littler.com*
11 LITTLER MENDELSON, P.C.
   Treat Towers, Suite 600
12 1255 Treat Boulevard
   Walnut Creek, CA 94597
13 Telephone: (925) 932-2468
   Facsimile: (925) 940-9535
14

15 Attorneys for Defendant OPTION CARE
   ENTERPRISES, INC.

16                 **UNITED STATES DISTRICT COURT**

17           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| 18  CYNTHIA GILBERT, an individual, on behalf of herself and all others similarly situated, | Case No. 2:23-cv-09992-SK |
| 20 | Assigned to: *Hon. Steve Kim* |
| Plaintiff, | <u>CLASS ACTION</u> |
| 21 | |
| 22   vs. | |
| 23  OPTION CARE ENTERPRISES, INC., a Delaware corporation; and DOES 1 through 20, inclusive, | **STIPULATED PROTECTIVE ORDER** |
| 24 | |
| 25   Defendants. | |
| 26 | *Complaint Filed:  08/01/23* |
| 27 | |
| 28 | |

4879-2862-5901.7 / 119101-1014

1  **TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF**
2  **RECORD:**

3       In order to protect the confidentiality of confidential information obtained by the
4  parties in connection with the above-captioned litigation, Plaintiff CYNTHIA
5  GILBERT ("Plaintiff") and Defendant OPTION CARE ENTERPRISES, INC.
6  ("Defendant") (collectively, the "Parties"), by and through their respective counsel of
7  record, hereby stipulate and agree as follows:

8  **1.    PURPOSES AND LIMITATIONS**

9       Discovery in this action is likely to involve production of confidential,
10  proprietary or private information for which special protection from public disclosure
11  and from use for any purpose other than pursuing this litigation may be warranted.
12  Accordingly, the parties hereby stipulate to and petition the Court to enter the following
13  Stipulated Protective Order. The parties acknowledge that this Order does not confer
14  blanket protections on all disclosures or responses to discovery and that the protection
15  it affords from public disclosure and use extends only to the limited information or items
16  that are entitled to confidential treatment under the applicable legal principles.  The
17  parties further acknowledge, as set forth in §15.3, below, that this Stipulated Protective
18  Order does not entitle them to file confidential information under seal; Civil Local
19  Rule 79-5 sets forth the procedures that must be followed and the standards that will be
20  applied when a party seeks permission from the court to file material under seal.

21  **2.    GOOD CAUSE STATEMENT**

22       This action is likely to involve proprietary and confidential information, trade
23  secrets, vendor, and other valuable research, development, commercial, financial,
24  technical and/or confidential information for which special protection from public
25  disclosure and from use for any purpose other than prosecution of this action is
26  warranted. Such confidential and proprietary materials and information consist of,
27  among other things, confidential business or financial information, information
28  regarding confidential business practices, or other confidential research, development,

4879-2862-5901.7 / 119101-1014

STIPULATED PROTECTIVE ORDER
CASE NO. 2:23-CV-09992-SK

or commercial information and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. By entering into this Protective Order, neither party waives the right to assert privacy protection for any other unrelated third-party information, including but not limited to third-party private health information protected by the Health Insurance Portability and Accountability Act ("HIPAA").

**3.    <u>ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE</u>**

The parties further acknowledge, as set forth in Section 15.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.,* 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling

reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause. Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**4.    DEFINITIONS**

4.1.    Action: *Cynthia Gilbert v. Option Care Enterprises, Inc.*, Case No. 2:23-cv-09992-SK.

4.2.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3.    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, and/or maintained) or tangible things that qualify for protection under Federal Rules of Civil Procedure Rule 26(c).

4.4.   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

4.5.   <u>Designating Party</u>: a Party or Non-Party that designates information or items that she/he/it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.6.   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, and/or maintained (including, among other things, testimony, transcripts, and tangible things), which are produced or generated in disclosures or responses to discovery in this matter.

<u>4.7.</u>   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

4.8.   <u>House Counsel</u>: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9.   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.10.  <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

4.11.  <u>Party</u>: any Party to this action, including but not limited to all of its officers, directors, employees, consultants, retained experts, House Counsel and/or Outside Counsel of Record (and their support staffs).

4.12.  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

4.13.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

1  demonstrations, and organizing, storing, or retrieving data in any form or medium), and
2  their employees and subcontractors.

3      4.14.  Protected Material: any Disclosure or Discovery Material that is
4  designated as "CONFIDENTIAL."

5      4.15.  Receiving Party: a Party that receives Disclosure or Discovery Material
6  from a Producing Party.

7  **5.    SCOPE**

8      The protections conferred by this Stipulation and Order cover not only Protected
9  Material (as defined above), but also (1) any information copied or extracted from
10  Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected
11  Material; and (3) any testimony, conversations, or presentations by Parties or their
12  Counsel that might reveal Protected Material. Any use of Protected Material at trial
13  shall be governed by the orders of the trial judge.  This Order does not govern the use
14  of Protected Material at trial.

15  **6.    DURATION**

16      Once a case proceeds to trial, information that was designated as
17  CONFIDENTIAL or maintained pursuant to this protective order used or introduced as
18  an exhibit at trial becomes public and will be presumptively available to all members
19  of the public, including the press, unless compelling reasons supported by specific
20  factual findings to proceed otherwise are made to the trial judge in advance of the trial.
21  See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing
22  documents produced in discovery from "compelling reasons" standard when merits-
23  related documents are part of court record). Accordingly, the terms of this protective
24  order do not extend beyond the commencement of the trial.

25  **7.  DESIGNATING PROTECTED MATERIAL**

26      7.1.  Exercise of Restraint and Care in Designating Material for Protection.
27  Each Party or Non-Party that designates information or items for protection under this
28  Order must take care to limit any such designation to specific material that qualifies

4879-2862-5901.7 / 119101-1014

under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

7.2.  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed

"CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**8. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1.    <u>Timing of Challenges</u>.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2.    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq*.  Any discovery motion must strictly

comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3, as well as the applicable standing or case management order(s) of the assigned judge.

8.3.    Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 9.  ACCESS TO AND USE OF PROTECTED MATERIAL

9.1.    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure

1  is reasonably necessary for this Action and who have signed the "Acknowledgment and

2  Agreement to Be Bound" (Exhibit A);

3      (d) the court and its personnel;

4      (e) court reporters and their staff;

5      (f) professional jury or trial consultants and Professional Vendors to whom

6  disclosure is reasonably necessary for this Action and who have signed the

7  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8      (g) the author or recipient of a document containing the information or a

9  custodian or other person who otherwise possessed or knew the information.

10      (h) during their depositions, witnesses, and attorneys for witnesses, in the Action

11  to whom disclosure is reasonably necessary provided: (1) the deposing party requests

12  that the witness sign the form attached as Exhibit A hereto; and (2) they will not be

13  permitted to keep any confidential information unless they sign the "Acknowledgment

14  and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

15  Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to

16  depositions that reveal Protected Material may be separately bound by the court reporter

17  and may not be disclosed to anyone except as permitted under this Stipulated Protective

18  Order; and

19      (i) any mediators or settlement officers and their supporting personnel, mutually

20  agreed upon by any of the parties engaged in settlement discussions.

21      9.3    Protection and Use of Defendant's Employee Information.

22      (a)    At all times, Plaintiff's Counsel have, and will maintain for as long as they

23  access, process, store or transmit Defendant's Employee Information, an information

24  security program that complies with applicable law and industry best practices.  The

25  security program will apply to all locations, systems, devices and equipment used by

26  Plaintiff or Plaintiff's Counsel to access, process, store, or transmit Defendant's

27  Employee Information ("Plaintiff's Counsel's Systems"), and it will include physical,

28  administrative, and technical security controls that prevent unauthorized access to,

4879-2862-5901.7 / 119101-1014

STIPULATED PROTECTIVE ORDER
CASE NO. 2:23-CV-09992-SK

disclosure of, loss of, or use of the Plaintiff's Counsel's Systems and the Defendant's Employee Information that those Plaintiff's Counsel's Systems process, store, or transmit. In the event that Plaintiff or Plaintiff's Counsel suspect that any Plaintiff's Counsel's Systems or Defendant's Employee Information that the Plaintiff's Counsel's Systems, the Plaintiff or the Plaintiff's Counsel processes, stores, or transmits is subject to any suspected or actual unauthorized access, use, or disclosure, Plaintiff's Counsel will immediately notify Defendant's Counsel, Littler Mendelson, P.C., c/o Chad D. Greeson and Helen Braginsky, by telephone and writing. Plaintiff and Plaintiff's Counsel shall use Defendant's Employee Information only to the extent necessary in this lawsuit, shall securely delete Defendant's Employee Information upon conclusion of the Proceeding or as required by law and shall not disclose Defendant's Employee Information to any third party, who has not signed Exhibit A. Plaintiff's Counsel will also be responsible for ensuring that any vendors, subcontractors or third parties retained by Plaintiff or Plaintiff's Counsel that have access to any Defendant's Employee Information have security programs that meet the same requirements as set forth in this paragraph.

(b)   To ensure that the privacy of material within Defendant's Employee Information is adequately protected, the parties will agree to a *Belaire-West* notice process to provide Defendant's employees an opportunity to opt out of disclosure of their private information. *Belaire-W. Landscape, Inc. v. Superior Ct.*, 149 Cal. App. 4th 554 (2007). The cost of the notice and opt out process shall be jointly shared by the Parties.

## 10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)   Promptly notify in writing the Designating Party, within five calendar days

4879-2862-5901.7 / 119101-1014

of receipt of the subpoena or court order. Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely objects to the subpoena or seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

4879-2862-5901.7 / 119101-1014

STIPULATED PROTECTIVE ORDER
CASE NO. 2:23-CV-09992-SK

(1)    Promptly notify in both the Requesting Party and the Non-Party in writing that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    Promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    Make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain

inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**14.    DATA SECURITY PROVISION**

Any person in possession of another party's Confidential Materials shall maintain reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Materials and protect against unauthorized access to or use of such Confidential Materials. A person or party may also comply with this provision by having the Confidential Materials managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Materials, the Receiving Party shall: (1) promptly provide written notice to Producing Party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach and provide Producing Party with assurances that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement, or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Producing Party sufficient prior notice in order to contest such request, requirement, or order through legal means. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any

4879-2862-5901.7 / 119101-1014

such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

**15.   MISCELLANEOUS**

15.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

15.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right she/he/it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

<u>15.3</u>.  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**16.   FINAL DISPOSITION**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law; and (3) final disbursement of any proceeds under settlement or judgment herein.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party

1  must submit a written certification to the Producing Party (and, if not the same person

2  or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by

3  category, where appropriate) all the Protected Material that was returned or destroyed

4  and (2) affirms that the Receiving Party has not retained any copies, abstracts,

5  compilations, summaries or any other format reproducing or capturing any of the

6  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

7  archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

8  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

9  work product, and consultant and expert work product, even if such materials contain

10  Protected Material.

11  **17.**  **VIOLATION**

12    Any violation of this Order may be punished by appropriate measures including,

13  without limitation, contempt proceedings and/or monetary sanctions.

14  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

15  Dated:        October 23, 2024           PALAY HEFELFINGER, APC

16                                          */s/ Brian Hefelfinger*

17                                          DANIEL J. PALAY
18                                          BRIAN D. HEFELFINGER

19                                          Attorneys for Plaintiff
                                            CYNTHIA GILBERT
20

21  Dated:        October 23, 2024           LITTLER MENDELSON, P.C.

22                                          */s/ Helen Braginsky*

23                                          CHAD D. GREESON
                                            HELEN BRAGINSKY
24

25                                          Attorneys for Defendant
                                            OPTION CARE ENTERPRISES, INC.

26

27

28

**Certification of Compliance with <u>C.D. Cal. L.R. 5-4.3.4(a)(2)(i)</u>**

I hereby certify that pursuant to <u>C.D. Cal. L.R. 5-4.3.4(a)(2)(i)</u>, I have obtained the authorization from the above signatories to file the above-referenced document, and that the above signatories concur in the filing's content. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 23, 2024.

By: _/s/  Helen Braginsky_____

**<u>ORDER</u>**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

DATED:____October 29, 2024_____

HON. STEVE KIM
United States Magistrate Judge

4879-2862-5901.7 / 119101-1014

16

EXHIBIT A

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Protected Material supplied in connection with the Action: *Cynthia Gilbert v. Option Care Enterprises, Inc.*, Case No. 2:23-cv-09992-SK. I understand that said Protected Material is provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in this Action. I have been given a copy of the Stipulated Protective Order; I have read it; and, I agree to be bound by its terms. I understand that Protected Material as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone, except as expressly permitted by the Stipulated Protective Order. I will not copy or use, except solely for the purposes of this Action, any Protected Material obtained pursuant to the Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the Action. I further understand that I am to retain all copies of all Protected Material provided to me in a secure manner, and that all copies of such Protected Material are to remain in my personal custody and control until termination of my participation in this Action, whereupon the copies of such Materials will be returned to counsel who provided me with such Material.

Dated: _____          BY: _____
                                     Signature

                                     _____
                                     Print Name

                                     _____
                                     Title

                                     _____
                                     Address

                                     _____
                                     City, State, Zip

                                     _____
                                     Telephone Number

4879-2862-5901.7 / 119101-1014

STIPULATED PROTECTIVE ORDER
CASE NO. 2:23-CV-09992-SK